**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL EDWIN TERRY, | No. 10-36078 |
| Petitioner - Appellant, | D.C. No. 6:08-cv-01367-AA |
| v. | |
| BRIAN BELLEQUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted November 18, 2011[**]
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Oregon state prisoner Michael Edwin Terry appeals the district court's

denial of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  We

conclude that the Oregon state courts did not unreasonably apply federal law in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

finding that Terry failed to affirmatively prove actual prejudice due to any deficiency in the performance of his attorney. Accordingly, we affirm.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), in order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. The state post-conviction relief court "assumed without deciding" that the performance of Terry's counsel was deficient but found under the *Strickland* standard that Terry suffered no prejudice as a result of his counsel's failure to investigate or raise an extreme emotional disturbance defense. Notably, Terry's own expert, Dr. Cochran, could only testify to "a *possibility* of EED that *may* have helped" Terry's defense (emphasis in original). The state court concluded that such a tentative conclusion would not have been admissible. Even if this evidence had been considered, it was not powerful enough to make a different verdict reasonably probable under *Strickland*. Moreover, Terry's own testimony provided little, if any, support for a defense based on extreme emotional disturbance. For these reasons, Terry has not met the high burden of showing that the state court's determination was unreasonable. *See Knowles v. Mizayance*, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009).

**AFFIRMED.**